Case 2:20-cv-00259   Document 35   Filed on 04/16/21 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
April 16, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BRIAN MARK KOPATZ, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:20-CV-259 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner, Brian Kopatz, is a state prisoner incarcerated at the Telford Unit in New Boston, TX. (D.E. 1). Proceeding *pro se*, he filed this habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging his 2000 Duval County convictions, three for murder and one attempted capital murder. (D.E. 1, Page 2). Pending is Respondent's Motion for Summary Judgment timely filed on March 19, 2021. (D.E. 27). On or about March 25, 2021, Petitioner filed a document titled Motion for Summary Judgment where he alleges Respondent failed to timely file a responsive pleading. (D.E. 30). On April 5, 2021, Petitioner filed a response to the pending Motion for Summary Judgment. (D.E. 33). For the reasons stated below, it is respectfully recommended the Court **GRANT** Respondent's Motion for Summary Judgment (D.E. 27), **DENY** Petitioner's Motion for

Summary Judgment (D.E. 30)[1] and **DISMISS** this action as time barred. The undersigned further recommends the Court **DENY** a Certificate of Appealability.

## I. JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241 and 2254. A habeas action may be filed either in the district where petitioner is in custody or in the district in which petitioner was convicted. 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000). Jurisdiction and venue are proper in this Court because Petitioner was convicted within the Corpus Christi Division of the Southern District of Texas. *Id.*; 28 U.S.C. § 124(b)(6).

## II. BACKGROUND

On November 28, 2000, Petitioner pled guilty to three counts of murder and one count of attempted capital murder pursuant to a plea agreement and was sentenced to three terms of life confinement and one 25-year term of confinement, sentences to run concurrently. (D.E. 25-48, Pages 135-138; D.E. 26-6, Pages 135-138; D.E. 26-41, Pages 141-144; and D.E. 26-76, Pages 144-147); *Ex parte Kopatz*, 2019 WL 4317034 (Tex. Crim. App. 2019).[2] Petitioner did not file a direct appeal. (D.E. 1, Page 3; D.E. 27, Page 3); *Ex parte Kopatz*, 2019 WL 4317034, at *1. Petitioner did file four state habeas applications in 2017 but these were collectively denied with a written order on September 11, 2019. *Ex parte Kopatz*, Case Nos. WR- 87,997-01; WR-87, 997-02; WR-87, 997-03;

---

[1]The undersigned recommends Petitioner's Motion for Summary Judgment be **DENIED** because Respondent timely filed a responsive pleading, specifically, the pending Motion for Summary Judgment. (D.E. 22 and D.E. 27).
[2]Petitioner "went to a bar, opened fire with a semi-automatic weapon, killed two people, and attempted to kill two others. He then drove to the home of another and killed her. He did not know the victims." *Ex parte Kopatz*, 2019 WL 4317034, at *1.

WR-87,997-04; *Ex parte Kopatz*, 2019 WL 4317034, at *1.[3] Petitioner then filed this federal habeas action over a year later on October 11, 2020. (D.E. 1, Page 15).[4]

### III.    RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

Respondent asserts this action should be summarily dismissed as time barred. The undersigned agrees. Petitioner's habeas petition is not timely filed pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA") which establishes a one-year statute of limitations period runs from the latest of four alternative dates:

(A)   the date on which the judgment become final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). This period is tolled during the time a petitioner properly files for state post-conviction writ review. 28 U.S.C. § 2244(d)(2) ("The time during which a

---

[3] In his state habeas applications, Petitioner alleged his plea agreements were breached, his trial counsel coerced his guilty pleas with threats, and counsel had a conflict of interest because of alleged threats against counsel from one of the victim's family members which resulted in counsel failing to raise various objections, to investigate Petitioner's sanity, to challenge venue and to abandon Petitioner's appeal. *Ex parte Kopatz*, 2019 WL 4317034, at *1. The Texas Court of Criminal Appeals ("TCCA") appointed Petitioner habeas counsel and, after an evidentiary hearing where trial counsel testified and a review of the record, the TCCA denied Petitioner's state habeas applications. *Id.*

[4] Petitioner previously filed a federal habeas action challenging the same four convictions. *Kopatz v. TDCJ*, No. 2:18-cv-232 (S.D. Tex. 2017). However, it was dismissed without prejudice on June 7, 2019 as Petitioner's four state habeas applications were pending before the Texas Court of Criminal Appeals. Case No. 2:18-cv-232 D.E. 69, D.E. 82 and D.E. 83.

properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.") Petitioner filed his current petition after the effective date of AEDPA and so is subject to its provisions. *Lindh v. Murphy*, 521 U.S. 320 (1997).

Petitioner did not file a direct appeal and therefore, his conviction became final when the time for filing a direct appeal expired on December 28, 2000. *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008); Tex. R. App. P. 26.1 (Notice of Appeal must be filed within 30 days after judgment). As such, Petitioner had one year, until December 28, 2001, to timely file a federal application for habeas corpus relief. Petitioner's 2017 state habeas applications were filed well after the limitations period ended. *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (State habeas petition filed outside of one-year period "did not statutorily toll the limitation clock.") (citation omitted). Therefore, Petitioner filed the pending federal habeas petition on October 11, 2020, almost 19 years too late. 28 U.S.C. §2244(d).

However, the one-year period of limitations in § 2244(d)(1) of AEDPA is not a jurisdictional bar and can be equitably tolled in rare and exceptional circumstances. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *Umana v. Davis*, No. 18-20127, 2019 WL 5106366, at *2-3 (5th Cir. Oct. 11, 2019). A petitioner is entitled to equitable tolling if he shows that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citations omitted); *see also Palacios*, 723 F.3d at 604

(citing *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012) (citations omitted)). "[N]either excusable neglect nor ignorance of the law is sufficient to justify equitable tolling." *Id.*; *See also Sutton v. Cain*, 722 F.3d 312, 317 (5th Cir. 2013) (citing *Fierro v. Cockrell*, 294 F.3d 674, 683 (5th Cir. 2002) (It is "clear that a lack of knowledge of the law, however understandable it may be, does not ordinarily justify equitable tolling.") (citation omitted). Nor does unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason) or lack of representation during the applicable filing period merit equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 393 (5th Cir. 1999) (citation omitted).

Petitioner does not allege any reasons to support suggest equitable tolling applies. Petitioner fails to allege sufficient "extraordinary circumstances" that prevented him from timely filing his claim. Petitioner also did not diligently pursue his rights, delaying almost 19 years past the deadline to properly pursue his federal habeas remedy. Additionally, in the October 17, 2018 Memorandum and Recommendation recommending his first federal habeas action be dismissed, Petitioner was warned that timeliness would be a challenge to any future petition. *Kopatz v. TDCJ*, No. 2:18-cv-232 (S.D. Tex. 2017) (D.E. 69, Page 6). The TCCA dismissed Petitioner's four state habeas petitions on September 11, 2019 and yet, Petitioner delayed over a year, until October 11, 2020, to file this case. Additionally, Petitioner's claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. Lastly, Petitioner's claim is based upon evidence that was available

to him during the limitations period. Without a basis for equitable or statutory tolling, Petitioner's writ should be dismissed as time barred.

In his Petition, Petitioner asserts his actual innocence presents extraordinary circumstances which warrant an equitable exception to the limitations period, however, it is respectfully recommended Petitioner fails to meet the actual innocence standard. Petitioner alleges he has disabilities which are related to his social skills which were not tested for and another man killed one of the victims with Petitioner's gun. (D.E. 1, Pages 6-7 and 13; D.E. 1-1, Pages 6-12). However, Petitioner provides no evidence or additional information in support of these allegations. "A claim of actual innocence, standing alone, is not a 'rare and exceptional circumstance' that warrants equitable tolling of the statute of limitations 'given that many prisoners maintain they are innocent.'" *Jones v. Quarterman*, CIVA H-08-3212, 2009 WL 5216873, at *3–4 (S.D. Tex. Dec. 29, 2009) (citing *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir. 2000) (other citations omitted). However, the Supreme Court has held a plea of actual innocence may serve as a gateway exception through which a petitioner may avoid procedural bars or the expiration of the statute of limitations. *McQuiggins v. Perkins*, 569 U.S. 383, 386 (2013) (citation omitted). The Supreme Court made it clear, however, that "tenable actual-innocence gateway pleas are rare" and "a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. (citation omitted). Petitioner fails to cite to any evidence in his petition showing he satisfies the demanding actual innocence standard and does not provide any sufficient

newly discovered evidence in support of his claim other than his own conclusory allegations. Further, Petitioner pleaded guilty to all four counts. (D.E. 25-48, Pages 135-138; D.E. 26-6, Pages 135-138; D.E. 26-41, Pages 141-144; and D.E. 26-76, Pages 144-147). Therefore, it is respectfully recommended the Court find Petitioner fails to meet the actual innocence standard.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Court of Appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability ("COA"). A district court ruling on a petitioner's relief may *sua sponte* rule on a COA because it "is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious." *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000)(per curiam).

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). As to claims the Court rejects solely on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims

debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As to claims the Court rejects solely on procedural grounds, the Petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. (emphasis added).

In Petitioner's case, it is recommended that the Court find his claims be dismissed on procedural grounds. Reasonable jurists would not find that Petitioner has stated a valid claim of denial of a constitutional right, or that the assessment of limitations in this case is debatable. If the District Judge orders that Petitioner's habeas petition be denied and Petitioner seeks a COA in order to proceed with his case, it is further recommended that the Court find a COA be denied because he has not made the necessary showing for issuance.

## V. RECOMMENDATION

For the reasons stated above, it is respectfully recommended the Court **GRANT** Respondent's Motion for Summary Judgment (D.E. 27), **DENY** Petitioner's Motion for Summary Judgment (D.E. 30) and **DISMISS** this action as time barred. The undersigned further recommends the Court **DENY** a Certificate of Appealability.

Respectfully submitted this 16th day of April 2021.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).